## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PETER MARIO GOICO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 19-1284-CM-GEB** |
| **STATE OF KANSAS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the court on defendant's Motion to Dismiss pursuant to Federal Rule Civil

Procedure 12(b)(1) and 12(b)(6). (Doc. 4.)

### I.    BACKGROUND

Pro se plaintiff Peter Mario Goico, a Kansas resident, filed this action against defendant, the

State of Kansas in its own name, seeking to enjoin the application of Kansas HB 2244 ("Claire and

Lola's law"). Plaintiff's complaint alleges jurisdiction on the basis of 28 U.S.C. § 1331, but does not

invoke 42 U.S.C. § 1983.

Plaintiff alleges a series of fears and harms that range in their speculation, attenuation, and

legal accuracy. First, he alleges that the challenged law will allow individuals to abuse marijuana

through vaping, due to difficulty distinguishing between the source of the drug (vaping or CBD oil).

Second, he alleges that this possible abuse will contribute to "anti-vape hysteria" and lead to more

restrictive vaping laws. Third, he fears that these speculative future laws, in turn, will prevent him

from using vaping to quit smoking.

## II.    LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(1) generally takes one of two forms: either a facial challenge or a factual challenge. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). A facial attack challenges the allegations in the complaint regarding subject matter jurisdiction. *Id.*

The court construes pro se plaintiff's filings liberally, but does not assume the role of an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.    DISCUSSION

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). Whether a plaintiff requests injunctive or monetary relief, "[s]tates and state agencies 'retain their immunity against all suits in federal court.'" *Hensel v. Office of Chief Admin. Hearing Officer*, 38 F.3d 505, 509 (10th Cir. 1994) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)); *see Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765–66 (2002) ("The type of relief sought by a plaintiff suing a State in court is irrelevant to the question whether a suit is barred by the Eleventh Amendment").

Here, plaintiff has filed suit against the State of Kansas, in its own name. Plaintiff neither alleges an exception to immunity nor suggests that Kansas has consented to suit. Plaintiff attempts to invoke Title VII, for the first time, in his opposition briefing. This case is not a claim by an employee against his or her covered employer; Title VII does not apply. Furthermore, to the extent the court can liberally construe this action as a § 1983 claim, plaintiff has not named a defendant other than the state. Accordingly, plaintiff has filed an unconsented-to suit against the State of Kansas in federal court, and the court lacks subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 4) is granted. Pursuant to Federal Rule of Civil Procedure 12(b)(1), because the court lacks subject-matter jurisdiction, plaintiff's claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Request for Preliminary Injunction (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Stay Discovery and Related Rule 26 Activities (Doc. 6) is denied as moot.

The Clerk of Court is directed to enter judgment in favor of defendant against plaintiff.

The case is closed.

Dated this 7th day of January, 2020, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
